﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 190124-2077
DATE: November 30, 2020

ORDER

Entitlement to service connection for low back pain, to include degenerative disc disease with bulging discs, is granted.

Entitlement to service connection for a left knee condition, to include osteoarthritis, meniscal tear, joint effusion, and a Baker’s cyst, is granted.

Entitlement to an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and depression, is granted.

REMANDED

In addition, entitlement to service connection for right knee pain is remanded.

FINDINGS OF FACT

1. The probative evidence of record indicates that the Veteran’s low back pain is etiologically related to military service.

2. The probative evidence of record indicates that the Veteran’s left knee condition is etiologically related to military service.

3. The probative evidence of record indicates that the Veteran’s acquired psychiatric disorder is etiologically related to military service.

CONCLUSIONS OF LAW

1. The criteria for service connection for low back pain are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for a left knee condition are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for service connection for an acquired psychiatric disorder are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served in the Navy from September 1974 to September 1980, with additional periods of Reserve service.

The Veteran’s claim was originally denied by the agency of original jurisdiction (AOJ) in May 2015. The Veteran appealed that initial denial by timely filing a notice of disagreement. Prior to the issuance of a statement of the case by the AOJ, the Veteran “opted-into” the Rapid Appeals Modernization Act (RAMP) by submitting a RAMP election form in August 2018 and selecting the higher-level review (HLR) process. In January 2019, a HLR rating decision continued to deny the Veteran’s claims. No favorable findings were identified in this decision. 

Later that month, the Veteran filed a timely RAMP opt-in form for appellate review requesting to be placed on the hearing docket of the Board of Veterans’ Appeals (Board). In August 2020, the Veteran and his wife testified before the undersigned Veteran’s Law Judge (VLJ). A transcript of this hearing has been associated with the claims file. 

Given that the Veteran had a hearing, the Board may only consider the evidence of record at the time of the AOJ decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a). Such evidence has been received and considered. 

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the Veteran. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

1. Entitlement to service connection for a low back pain

2. Entitlement to service connection for a left knee condition

The Veteran contends that he fell during service and injured his knees and his back but did not report the injury because it could affect his ability to ascend the ranks in the Navy. The Board finds the Veteran credible in this regard and finds that an in-service event occurred. 

The Veteran submitted medical records and an opinion from Dr. A.S. The doctor gave the opinion that the Veteran has current back and left knee conditions that are etiologically related to his fall during service because the Veteran has no other risk factors that would predispose him from developing such an injury. The doctor also indicated that the Veteran’s current disabilities were the logical progression of the fall he had described as occurring in service (the details of which the doctor was clearly familiar). See Correspondence, received November 4, 2020, page 5. 

The Board gives the opinion great probative weight because it is based on a treating relationship with the Veteran and there is supporting medical documentation submitted with the opinion. The doctor had reviewed the pertinent evidence and provided the underlying reasons for his opinion. 

Therefore, the Board finds that the criteria for service connection for the Veteran’s back and left knee conditions, are met. Thus, the claim is granted. 

3. Entitlement to an acquired psychiatric disorder

The Veteran contends that he has an acquired psychiatric disorder that is related to his military service because he witnessed a plane crash that killed two servicemembers. 

In addition to the direct method of service connection, there are specific additional criteria to establish service connection for PTSD: (1) medical evidence diagnosing PTSD; (2) credible supporting evidence that the claimed in-service stressor actually occurred; and (3) medical evidence of a link between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304 (f). 

Regarding the plane crash, the Joint Services Records Research Center (JSRRC) found that the accident occurred and the Veteran has submitted various articles in support of the crash.

The Veteran submitted a medical opinion from H.A., M.D., dated September 2020. The doctor stated that the Veteran is diagnosed with PTSD and depression and that these diagnoses are etiologically related to witnessing the tragic plane crash in service. See Correspondence, received November 4, 2020, page 3. He relayed that in his on-going treatment of the Veteran, the traumatic event has continued to affect him, in terms of nightmares and high levels of anxiety.

The Board finds that the opinion is highly probative on the medical question before it. It is based on the accurate factual basis of this Veteran’s service and his current mental state. It provides the underlying reasons for the conclusions reached. Therefore, the Board finds that the criteria for service connection for the Veteran’s acquired psychiatric disorder are met. Thus, the claim is granted.

REASONS FOR REMAND

4. Entitlement to service connection for a right knee condition is remanded.

The Veteran contends that he injured his right knee in the same incident as his left knee, for which service connection was granted above. Notably, the favorable opinion for the Veteran’s left knee does not include his right knee. 

The Board finds that a pre-decisional duty to assist error was committed by AOJ. A VA examination is necessary prior to final adjudication of a claim when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service, or evidence establishing certain diseases manifested during an applicable presumption period for which the veteran qualifies, (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the Veteran’s service or with another service-connected disability, but (4) there is insufficient competent medical evidence of record for VA to make a decision on the claim. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

The Veteran has been consistent with his assertions that he fell during service and injured his knees and back. The AOJ had evidence indicating right knee pain prior to the January 2019 HLR decision. While no diagnosis was present, the Board acknowledges that undiagnosed pain can be so debilitating that it can result in functional impairment. See Saunders v. Wilkie, 886 F.3d 1356 (2018) (where the evidence shows that symptoms reach the level of a functional impairment of earning capacity, a disability for VA compensation purposes exists, even if there is no underlying diagnosis). Given the Veteran’s credible description of the in-service event, and his symptoms consistent with a potential right knee disability, VA had a duty to assist him in obtaining an examination and opinion. Therefore, remand is warranted. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination for his right knee condition. The examiner must review the claims file.

If a diagnosis cannot be provided, but the Veteran’s condition manifests in symptoms that cause functional impairment, then the examiner should consider them a “disability” for the purpose of providing the requested opinion(s) below.

The examiner is asked to provide a response to the following:

Is the right knee condition at least as likely as not related to service, including a fall down steps during service? See Hearing Transcript, pages 7-8 of 15. The examiner should note that the Board finds that the Veteran’s report of a fall during service to be credible. 

The examiner’s attention is also invited to the private opinion linking the Veteran’s left knee to service, even though the opinion does not directly reference the Veteran’s right knee. See Correspondence, received November 4, 2020, page 5.

The examiner is asked to provide the underlying reasons for all opinions expressed, and is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as against it.

 

 

Bethany L. Buck

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board I. M. Hitchcock

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.